UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIM SCHLERETH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-236 SNLJ |
| | ) | |
| AMS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum and Order

This case comes before the Court on defendant's motion for summary judgment (#24). On February 22, 2016, plaintiff Kim Schlereth filed her three-count complaint against defendant AMS Services, LLC, alleging retaliation under the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") in addition to an FLSA violation to recover unpaid overtime wages allegedly due her. This motion was filed on January 23, 2017. Plaintiff conceded her FMLA retaliation claim in her response (#30) and defendant conceded that the FLSA violation claim presented several genuine issues of material fact, precluding summary judgment on that claim (#35). Thus, only the FLSA retaliation claim is before the Court. The issues relating to that claim are briefed and ripe for disposition.

### I. Factual Background

Plaintiff contends that defendant terminated her employment when she filed a complaint with the Wage and Hour Division of the United States Department of Labor

("DOL") to recover unpaid overtime wages allegedly owed her by defendant. Defendant hired plaintiff as an at-will employee on January 28, 2015. Her role within the company, specifically whether she was an employee in a bona fide administrative capacity, is disputed by the parties and is the subject of the FLSA violation claim. Pertaining to the FLSA retaliation claim, plaintiff allegedly informally complained to defendant's management several times about her belief that she was entitled to unpaid overtime wages. She then filed her formal complaint with the DOL on December 16, 2015. Plaintiff took medical leave of absence on January 22, 2016 and defendant terminated her employment when she returned to work on February 8, 2016. Plaintiff contends that her termination relates to her complaint while defendant asserts that plaintiff had poor work performance, justifying her termination.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III. **FLSA Retaliation**

The FLSA makes it unlawful to discharge or to discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding ..., or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliation under the FLSA, "a plaintiff must show that [he/she] participated in statutorily protected activity, that the defendant took an adverse employment action against [him/her], and there was a causal connection between the two." *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 998 (E.D. Mo. 2009) (citing *Grey v. City of Oak Grove,* 396 F.3d 1031, 1034–35 (8th Cir. 2005). "The Eighth Circuit decisions interpreting § 215(a)(3) make clear that the employee must engage in *protected activity* in order to be shielded from retaliation. *See Grey,* 396 F.3d at 1034–35. The 'protected activities' are listed explicitly in the statute:

3

filing a complaint, instituting or testifying in a proceeding, or serving on a committee. Workplace complaints are not included." *Bartis*, 626 F. Supp. 2d at 999. Thus, plaintiff's informal complaints to defendant's management do not constitute a statutorily protected activity and cannot be the basis of plaintiff's FLSA retaliation claim.

Plaintiff's FLSA retaliation claim only survives summary judgment if there is a genuine dispute of material fact as to whether defendant discharged plaintiff or discriminated against her for filing her formal complaint with the DOL. To establish causation, plaintiff must present facts that establish that defendant knew of the statutorily protected activity and then took adverse employment action against plaintiff for acting. *Bartis*, 626 F. Supp. 2d at 998. Plaintiff testified in her deposition on December 20, 2016 that she filed her complaint with the DOL in person but never discussed her complaint with anyone else.[1] Further, she testified that she did not know whether anyone at the DOL ever spoke to the defendant on her behalf.[2] In addition, this was consistent with the testimony of Chris Morgan, who states in his affidavit that defendant did not have any knowledge that plaintiff filed a complaint with the DOL before terminating her employment. Later, however, in plaintiff's affidavit dated February 2, 2017, she indicated that defendant somehow did know of her complaint prior to terminating her employment. Apparently, this is the first time that plaintiff presented evidence that

---

[1] Plaintiff was asked "And did you file your complaint with the Department of Labor on December 21st, 2015?" She responded "Actually, went in person on the 16th." Plaintiff was asked "Other than the unidentified person at the Department of Labor that you spoke to your complaint about, did you discuss your complaint with anyone else?" She responded "No."

[2] Plaintiff was asked "Do you know whether [the DOL employee] spoke on your behalf to anyone at [defendants?]" She responded "I can't answer that. I don't know."

defendant knew of her complaint with the DOL before taking adverse employment action against her.

Plaintiff's statements in her deposition conflict with those in her affidavit regarding defendant's knowledge of her DOL complaint. For purposes of summary judgment, the conflict in these statements must be resolved in favor of plaintiff, unless the inconsistency only represents an effort by the plaintiff to manufacture a sham issue of fact. *Roberts v. Park Nicollet Health Services*, 528 F.3d 1123, 1126 (8th Cir. 2008). A sham issue of fact may be found when a party attempts to fashion a dispute of material fact "solely to impede a lawful exercise of granting a motion for summary judgment." *American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*, 114 F.3d 108, 111 (8th Cir. 1997) (internal citation omitted). "[A] party should not be allowed to create issues of credibility by contradicting his own earlier testimony. Ambiguities and even conflicts in a deponent's testimony are generally matters for the jury to sort out, but a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289 (8th Cir. 1999).

In plaintiff's deposition, in clear language, she stated that she personally did not talk to anyone else about her formal complaint with the DOL and did not know whether the DOL spoke to the defendant regarding her complaint. Plaintiff presented no other evidence that established that defendant knew of the complaint prior to her termination. However, plaintiff later stated in her affidavit, presumably to survive summary judgment, that "Defendant knew that I filed a complaint with the wage and hour division of the

5

DOL." Without any explanation about how defendant knew about the complaint, this Court construes plaintiff's statement within her affidavit as a sham, meant to create a genuine issue of material fact that would preclude summary judgment of this claim. Therefore, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law for the FLSA retaliation claim because plaintiff cannot establish the requisite element of causation.

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#24) is **GRANTED** in part. Count III of plaintiff's complaint is subject to summary judgment. The Court declines to address defendant's motion for summary judgment as to the appropriate method for determining damages for Count II of plaintiff's complaint because that issue is premature.

So ordered this 13th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE