UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIM SCHLERETH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-236 SNLJ |
| | ) | |
| AMS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

This case comes before the Court on what this Court construes as plaintiff's motion to reconsider the entry of summary judgment under Federal Rule of Civil Procedure 59(e) (#39). Defendant did not respond and the time to do so has passed. Nonetheless, the issues are ripe for disposition.

**I.    Factual Background**

Plaintiff filed a three-count complaint, including a Fair Labor Standards Act ("FLSA") violation claim and an FLSA retaliation claim. Plaintiff's FLSA violation claim alleges that the defendant employer did not properly pay the plaintiff her requisite overtime as required under the FLSA. The FLSA violation claim survived summary judgment and is set for trial in June. However, this Court disposed of plaintiff's FLSA retaliation claim in its entry of summary judgment on March 13, 2017 (#38). Plaintiff claimed that the defendant terminated her employment in retaliation for her informal oral complaints with her employer and a written complaint with the Department of Labor

("DOL").  In the briefing for the motion for summary judgment, plaintiff cited only one case in her three and a half page response in opposition to defendant's motion for summary judgment, and plaintiff cited no authority at all in relation to her FLSA retaliation claim.

This Court granted summary judgment in favor of the defendant as to plaintiff's FLSA retaliation claim, holding that there was no genuine issue of material fact and that the undisputed facts indicated that plaintiff could not establish the requisite element of causation.  More pertinent to this motion to reconsider, this Court held that plaintiff's informal oral complaints to her employer did not constitute a protected activity under the FLSA and thus could not serve as the basis of the FLSA retaliation claim.  The Court cited *Bartis v. John Bommarito Oldmosbile-Cadillac, Inc.*, 626 F. Supp. 2d 994 (E.D. Mo. 2009) and *Gray v. City of Oak Grove*, 396 F.3d 1031 (8th Cir. 2005) as controlling authority on this issue.  Now, for the first time, plaintiff cites *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011) for the proposition that that case superseded the 8th Circuit precedent.  Plaintiff argues that this Court overlooked the *Kasten* case and because it is controlling authority, this Court's entry of summary judgment should be reconsidered.

**II.     FLSA Retaliation**

The FLSA makes it unlawful to discharge or to discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding ..., or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  29 U.S.C. § 215(a)(3).  To

establish a prima facie case of retaliation under the FLSA, "a plaintiff must show that [he/she] participated in statutorily protected activity, that the defendant took an adverse employment action against [him/her], and there was a causal connection between the two." *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 998 (E.D. Mo. 2009) (citing *Grey v. City of Oak Grove,* 396 F.3d 1031, 1034–35 (8th Cir. 2005). "The Eighth Circuit decisions interpreting § 215(a)(3) make clear that the employee must engage in *protected activity* in order to be shielded from retaliation. *See Grey,* 396 F.3d at 1034–35. The 'protected activities' are listed explicitly in the statute: filing a complaint, instituting or testifying in a proceeding, or serving on a committee." *Bartis*, 626 F. Supp. 2d at 999. Prior to 2011, informal workplace complaints were not considered protected activities under the FLSA in the Eighth Circuit Court of Appeals.

*Kasten* altered Eighth Circuit Court of Appeals' precedent and found that the statutory term "filed any complaint" included oral complaints as well as written complaints, meaning that oral complaints to employers can serve as the basis of an FLSA retaliation claim. 563 U.S. at 4. But, not any oral complaint will suffice. The standard set out in *Kasten* stated that an oral complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and call for their protection" to find the employee engaged in the statutorily protected activity of filing a complaint. *Id.* at 14. In *Kasten*, the employee claimed he was not compensated for time taking off protective gear, which constituted a violation of the FLSA, and he complained of the supposed illegality to four different individuals who were his superiors in the company. *Id.* at 5-6.

3

Specifically, he told his superiors that he "was thinking about starting a lawsuit" and that if the company was sued because of its actions, "they would lose" in court. *Id.* The Supreme Court found that his highly specific oral allegations that the defendant violated his rights under the FLSA could constitute the filing of an action under the FLSA, remanding the case back to the district court. *Id. See Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 968 (7th Cir. 2012).

Following *Kasten*, courts have held that not every instance of an employee "letting off steam" constitutes the filing of a complaint under the FLSA and that "some degree of formality" is required to put the employer on fair notice that a grievance has been lodged against it. *Minor v. Bostwick Laboratories, Inc.*, 669 F.3d 428, 439 (4th Cir. 2012). To do so, the employee's oral complaint does not have to reference the FLSA but should "be framed in terms of potential illegality," either by alleging a violation under the FLSA or by asserting facts that establish a violation. *Cotto v. John C. Bonewicz, P.C.*, Case No. 13 C 842 TMD, 2015 WL 3609167 at *8 (N.D. Ill. June 9, 2015). Simply complaining about wages or hours does not necessarily entitle the employee to protection under the FLSA. *Id.* at 9 (citing *Kasten*, 563 U.S. at 13-15). The complaint must suggest to a reasonable employer that the employee was asserting a *legal right* to overtime pay. *Id.*

In this case, plaintiff presented evidence that she referenced her legal right to overtime wages to her employer. She stated:

> "I did inform [defendant] that I was not being paid overtime hours." Pl. Affidavit ¶ 12.

> "I asked to be paid my overtime hours on several occasions commencing in August/September of 2015 and continuing." Pl. Affidavit ¶ 23.

4

> "I complained about not being paid appropriate overtime wages on several occasions with [defendant.]" Pl. Affidavit ¶ 25.

Plaintiff indicated that she was not being paid appropriate overtime hours and repeated this argument on several occasions to the defendant's management. Because this Court must review the facts and resolve all conflicts of evidence in favor of the party opposing a motion for summary judgment, this Court holds that the grant of summary judgment in favor of the defendant is vacated.

### III. Conclusion

Plaintiff's informal oral complaints to the defendant could constitute the filing of an action under the FLSA and thus could be the basis of an FLSA retaliation claim. Thus, this Court's entry of summary judgment is vacated.

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider entry of summary judgment (#39) is **GRANTED**.

So ordered this 27th day of March, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE